**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALI MOHAMED ESSA, | No. 09-72585 |
| Petitioner, | Agency No. A077-813-481 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2013
San Francisco, California

Before: W. FLETCHER and NGUYEN, Circuit Judges, and DUFFY, District
Judge.[**]

Ali Mohamed Essa ("Essa") petitions for review of a decision of the Board

of Immigration Appeals ("BIA") denying his applications for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

of removal, and adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's finding that Essa lacked credibility. Essa offered inconsistent and conflicting testimony on multiple occasions regarding the nature of his activities with the Political Security Police ("PSP") in Yemen, his reasons for wishing to leave the PSP, and his alleged detentions by the PSP. For example, he stated in his asylum interview that information he provided to the PSP "led to the arrest[s] of people suspected of placing bombs[,] including innocent persons," but then told the Immigration Judge ("IJ") that he neither obtained nor gave the PSP any information regarding anti-government forces. He suggested in his declaration in support of asylum that he sought to leave the PSP because of the organization's repressive practices, but then told the IJ that he decided to resign following an incident of sexual assault perpetrated by four workers from the political security office. Essa was also inconsistent in recounting the number of times he was detained by the PSP and the duration of those detentions.

These inconsistencies go to the heart of Essa's claim and provide substantial evidence in support of the BIA's adverse credibility determination. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) (noting that so long as one of the bases

for an adverse credibility determination is supported by substantial evidence and goes to the heart of an applicant's claim, "we are bound to accept the . . . adverse credibility finding").

Substantial evidence also supports the BIA's conclusion that Essa did not meaningfully explain these inconsistencies. Essa largely attributed the apparent conflicts in his narrative to embellishments by the interpreter at his asylum interview—an explanation rejected by the agency. The evidence in the record does not "compel[] a contrary conclusion." *Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012). The BIA reasonably credited the asylum officer's notes regarding what Essa said during the interview and her testimony regarding the procedures she would have followed had there been indications that the interpreter was not performing adequately. Moreover, as the BIA noted, Essa's testimony before the IJ was itself internally contradictory in numerous instances.

2. Further, substantial evidence supports the BIA's conclusion that Essa was inadmissible for purposes of adjustment of status because he "willfully misrepresent[ed] a material fact" to procure an immigration benefit. 8 U.S.C. § 1182(a)(6)(C)(i). Specifically, the agency cited Essa's statements to the asylum officer describing his participation in the PSP and his later disavowal of those statements. Essa's statements at his asylum interview regarding the nature of his

participation in the PSP largely conform to the account Essa provided in his initial asylum declaration, and they mirror other statements made in his hearing testimony. And yet, before the IJ, Essa denied ever making such remarks to the asylum officer. The record supports a finding that Essa made a "misrepresentation [that] was deliberate and voluntary" with "knowledge of [its] falsity." *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995). Moreover, this misrepresentation was material. Essa's statements during his asylum interview could potentially have rendered him ineligible for asylum as a person who "participated in the persecution of [others] on account of . . . political opinion." 8 U.S.C. § 1158(b)(2)(A)(i). As such, Essa's disavowal of those statements "ha[d] a natural tendency to influence the decision[] of the [agency]." *Forbes*, 48 F.3d at 442 (quoting *Kungys v. United States*, 485 U.S. 759, 772 (1988)) (internal quotation mark omitted).

We need not and do not reach the remaining issues raised on appeal.

**PETITION DENIED**.